UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
RAYMOND CHANDLER,                        :         03 Civ. 0789 (RJH)
:
                      Plaintiff,     :
:         **MEMORANDUM**
        -against-                    :         **OPINION AND ORDER**
:
THE CITY OF NEW YORK, et al.             :
:
                      Defendants.    :
:
---------------------------------------------------------------x

By order dated September 30, 2005, the Court directed plaintiff to show cause why this case should not be involuntarily dismissed pursuant to Fed. R. Civ. P. 41(b), and gave plaintiff until October 10, 2005 to file a responsive memorandum (the "Order to Show Cause"). The Order to Show Cause was issued in response to defendants' 41(b) motion, which was made on the record at a hearing held that same day, September 30. The hearing had been called to receive oral argument on defendants' motion for summary judgment, which has been pending since December 2004. Neither plaintiff nor his counsel appeared at the September 30 hearing, as directed by the Court in a separate, September 15, 2005 order. Neither did plaintiff respond as directed to the Order to Show Cause. This failure was but the latest example of his counsel's blatant disregard for court-ordered deadlines and court-ordered hearing dates. Accordingly, for the reasons that follow, the Court grants defendants' motion and orders that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

**BACKGROUND**

Plaintiff filed this discrimination action in February 2003. Approximately two years later, on December 15, 2004, defendants filed their motion for summary judgment. Pursuant to the original briefing schedule, plaintiff was to file opposition papers by January 14, 2005. [Docket # 15]. By letter dated January 12, 2005, plaintiff requested (and the Court "so ordered") the first of several extensions, initially to January 31, 2005. [Docket #17]. Further extension requests followed (and, in turn, were approved): to February 18 [Docket #18], then to February 28 [Docket #19]; and finally, by letter request dated February 28, to March 4, 2005 [Docket # 20]. By letter dated March 17, 2005, defendants informed the Court (and, by copy, plaintiff's counsel) that they had not received any opposition to their motion, and, accordingly, asked that the Court consider it fully submitted. (March 17, 2005 Schiano-Strain Letter). Although the Court did not rule on this request at the time, neither did plaintiff's counsel oppose it, or otherwise respond by filing opposition papers.

Indeed, following the February 28, 2005 letter, the Court did not receive *any* communication from plaintiff's counsel for approximately six months, until August 31, 2005, when the Court received a twelfth-hour request to file opposition papers.[1] According to the letter request, counsel "mailed" plaintiff's opposition to the defendants on March 7, 2005 (which, if true, would have made the opposition three days late). (Aug.

---

[1] This request was made alongside a request to file opposition papers in a similar case, *Wilson v. NYC Dep't of Transportation*, 01 Civ. 7398 (filed August 9, 2001). The Court recently issued an opinion in the *Wilson* case, which, like this one, involves professional misconduct (some of it the same as in this case) on the part of plaintiff's counsel, Sonia Metellus. *See Wilson v. New York City Dept. of Transp.*, 2005 WL 2385866, at *1-*3 (S.D.N.Y. Sept. 28, 2005) (describing repeated and egregious failures of Metellus to meet professional obligations). Corporation counsel represents the defendants in both cases.

31, 2005 Letter from Sonia Metellus to the Court (the "Metellus Letter")). Counsel explains, however, that the opposition papers never reached defendants' counsel, allegedly because her assistant neglected to include a zip code with the address. (*Id.*). But no explanation is offered as to why the papers were never <u>filed</u> with the Court, as is standard practice in this district, and as was plainly contemplated by counsel's several extension requests. [*See, e.g.*, Docket # 18 (requesting extension until February 18, 2005 to "file" response to defendants' summary judgment motion)].

Whatever the cause of counsel's failure, the letter goes on to state that she did not discover the problem for approximately five months, until August 2005. In light of defense counsel's letter of March 17, 2005, which states that defendants had not received opposition papers as of that date, and which was served on plaintiff's counsel, this is not a credible statement. Reading further, plaintiff's counsel alleges that once she discovered that the opposition papers were never received, she again attempted to them, this time by "mail[ing] . . . [them] . . . still in [their] original unsealed envelope" on August 12, 2005. (Metellus Letter). Again, however, the mailing never made it. Instead, according to the letter, the envelope was "returned" by regular mail, unopened but "severely" torn, allegedly because an assistant in counsel's office "apparently addressed it to the Court instead of [defendants]". (*Id.*). Inasmuch as the Court never received any August 12 mailing, this statement is also incredible. Counsel goes on to state that on August 18, 2005 counsel made a *third* effort to mail opposition papers to defendants' counsel. The letter concludes by noting that counsel has "proof" of both the second and third mailings, and asking the Court to accept opposition papers by "personal[] deliver[y]". (*Id.*).

3

Before having the opportunity to address the issue, on September 6, 2005, the Court received a second letter from plaintiff's counsel, this one addressed to defendant's counsel in the *Wilson* case (*see supra*, note 1) and dated August 12, 2005. Presumably, this was the "proof" referred to in the August 31 letter, meant to establish that opposition papers were actually mailed to defendants' counsel on August 12, 2005. But defendants' counsel flatly denies receiving an August 12 mailing, this Court never received such a submission, and no papers were filed with the Clerk's Office on or about August 12 (or, indeed, at any point thereafter). In any event, a copy of plaintiff's opposition materials (as well as the opposition materials in the *Wilson* case) was included with this second letter. Those materials are composed of (i) the Declaration of Sonia Metellus; (ii) plaintiff's Rule 56.1 Statement; (iii) and plaintiff's Memorandum of Law in opposition to the motion for summary judgment.

Defendants responded to the foregoing account by letter dated September 14, 2005. In the letter, defendants both question the veracity of plaintiff's counsel's explanation – in particular, the letter calls into question the proposition that the alleged March 2005 mailing would be returned (rather than simply delayed) if it was missing a zip code – and request that the Court refuse to consider the untimely (by approximately six months) opposition papers, which defendants apparently finally received on September 7. (September 14, 2005 Bardavid Letter). In the alternative, the letter requested that the Court either (i) hold a hearing to determine whether plaintiff effectuated timely and proper service of plaintiff's opposition papers, as is claimed in the August 31 letter; or (ii) grant defendants a one-month extension of time to reply. (Id.).

After due consideration, the Court decided (in retrospect, perhaps unwisely) to accept the untimely opposition papers. It did so *not* on the merits of the August 31 letter – to the contrary, the Court finds the representations in the letter to be baseless – but because it determined that plaintiff should have one more chance to oppose defendants' motion on the merits. Accordingly, by order dated September 15, 2005, the Court directed defendants to file reply papers by September 28, 2005. [Docket # 21]. The Court also ordered the parties to appear on September 30, 2005 for oral argument on the fully-submitted motion and, in an effort to communicate the fact that further delays would not be tolerated, specifically noted that "no adjournments shall be granted." [Id.].

Although defendants filed timely reply papers, plaintiff's counsel failed to appear for argument, as was clearly required by the Court's September 15 order. [Id.]. Defendants' counsel did appear and, once it became clear that plaintiff's counsel would not, moved to dismiss the case – at the Court's invitation – pursuant to Rule 41(b). Having received that motion orally, the Court then issued an order to show cause why it should not be granted, and gave plaintiff until October 10, 2005 to file a responsive memorandum. [Docket # 24]. As noted at the outset, plaintiff failed to meet this deadline.

Rather, on October 17, 2005, the Court received a telephone call from plaintiff's counsel, during which counsel explained that she had not appeared at the September 30, 2005 argument, or responded to the Order to Show Cause, because she had been on vacation. The next day, on October 18, 2005, the Court received a letter from plaintiff's counsel, essentially to the same effect. In the letter, counsel explains that she did not respond to the Order to Show Cause because she was "away on vacation since September

14th[, 2005]." (October 18, 2005 Letter from Sonia Metellus to the Court). She goes on to state that because of this absence, she "was not abreast of the fact that an oral argument had been scheduled . . . for September 30th or [that] the follow up order to show cause" had been issued. (Id.). Again, this statement strains credulity. In any case, even if credited, this excuse hardly justifies counsel's failure to comply with the Court's orders. While it may be difficult to determine with precision at what point attorney incompetence turns to outright recalcitrance, the Court finds that the conduct in this case has crossed that line.

## DISCUSSION

Although dismissal under that Rule 41(b) is appropriate where "plaintiff [fails] to prosecute or to comply with ... any order of court," Fed.R.Civ.P. 41(b), dismissal is also "a harsh remedy to be utilized only in extreme situations." *Theilmann v. Rutland Hospital, Inc.,* 455 F .2d 853, 855 (2d Cir. 1972) (*per curiam*). Nonetheless, "dismissal pursuant to Rule 41(b) . . . is a matter committed to the discretion of the district court." *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2nd Cir. 1988) (citations omitted). When exercising that discretion, district courts should consider several factors, including:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether [dismissal strikes a] . . . balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] whether . . . lesser sanctions [would be adequate].

*Id.* (citation and internal quotation marks omitted). "No one [of these] factor[s] is dispositive." *Nita v. Connecticut Dep't of Envtl. Protection,* 16 F.3d 482, 485 (2d Cir. 1994).

Having considered these five factors, the Court finds that dismissal is warranted. First, the duration of plaintiff's failure to abide court orders is significant, spanning over seven months, from the March 4, 2005 filing deadline (ignored by counsel) to October 10, 2005, when counsel failed to respond to the Order to Show Cause. Courts routinely dismiss cases where the basis for dismissal occurs over equal (or even shorter) periods of time. *Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664 (2d Cir. 1980) (dismissal proper under Rule 41(b) when plaintiff failed to take any action to move his case to trial during six month period); *Cole v. Edwards,* 2005 U.S. Dist. LEXIS 6408, at *6 (S.D.N.Y. 2005) (finding delay of more than five months in responding to defendant's interrogatories was substantial); *Peters-Turnbull v. Bd. of Educ. of New York,* 1999 WL 959375, at *2-*3 (S.D.N.Y. Oct. 20, 1996) (stating that delay of between five and ten months "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss"). The length of the delay in this case is particularly egregious in light of the facts that (i) plaintiff filed his complaint more than two and one-half years ago, in February 2003, *Samman v. Conyers*, 2005 WL 1414393, at *2 (S.D.N.Y. May 5, 2005) (delay was "significant" where amended complaint was filed more than two years earlier); (ii) the Court repeatedly extended plaintiff's deadline to oppose defendants' motion for summary judgment; and (iii) plaintiff's counsel was aware that he had missed the deadline, as evidenced by defendants' March 17, 2005 letter, which was served on plaintiff's counsel, and which explicitly states that opposition papers had not been received. Moreover, this delay was entirely attributable to plaintiff. *Time Warner Cable of New York City, a Div. of Time Warner Entertainment Co. L.P. v. Caro*, 1999 WL

221649, at *2 (E.D.N.Y. 1999) (noting that courts should consider both the duration and source of delay when deciding Rule 41(b) motions).

The Court also finds that plaintiff received adequate notice that further delay would result in dismissal. The September 15, 2005 order directing the parties to appear for oral argument on September 30, 2005 notes that "no adjournments" would be granted, which put plaintiff on notice that further delay would not be tolerated. Lest there be any doubt, the Order to Show Cause was explicit notice that the Court was considering a Rule 41(b) dismissal. *Shannon v. General Elec. Co.*, 186 F.3d 186, 194 (2d Cir. 1999) (adequate notice to support 41(b) dismissal where order to show cause was issued advising plaintiff that case would be dismissed unless written response was received and plaintiff failed to respond); *Time Warner Cable of New York City*, 1999 WL 221649, at *2 (order to show cause made "evident" the fact that 41(b) dismissal was imminent); *cf. Peters-Turnbull*, 1999 WL 959375, at *3 (refusing to grant 41(b) dismissal where order to show cause indicated that case would be dismissed pursuant to Rule 37, not Rule 41(b)).

With respect to the third factor, it is well established that in cases (such as this one) where the delay has been significant and unreasonable, "[p]rejudice to defendants . . . may be presumed," *Peart v. City of New York,* 992 F.2d 458, 462 (2d Cir. 1993), "because delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." *Shannon v. General Electric,* 186 F.3d at 195. Indeed, given that the outcome of this discrimination case would turn heavily (and perhaps almost exclusively) on witness testimony, as well as the fact that the case was filed more than two and one-half years

8

ago, on February 3, 2003, and is based on alleged discrimination that occurred even earlier (primarily in 2001 and 2002), the Court concludes that "a presumption of prejudice is particularly appropriate" in this case. *Id.*; *Robinson v. U.S.*, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) (presumption of prejudice particularly appropriate in trip and fall case filed in February 2003 where much of the evidence would be witness testimony); *see also* (October 17, 2005 Letter from Sonia Metellus to the Court (noting that plaintiff's response to defendants' summary judgment motion depends crucially on supporting affidavits from plaintiff's co-workers)).

Having weighed its calendar congestion against plaintiff's right to be heard, the Court finds that the fourth factor also weighs in favor of dismissal. As is more fully detailed above, plaintiff has had a fair chance to present evidence in support of his claims and in opposition to defendants' motion for summary judgment. Although the Court recognizes that it "'must not let its zeal for a tidy calendar overcome its duty to do justice,' that same goal of justice, here in the guise of judicial administration," compels dismissal in this case. *Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 668 (2d Cir. 1980) (quoting *Davis v. United Fruit Co.,* 402 F.2d 328, 331 (2d Cir. 1968)). In light of plaintiff's numerous prior failures to comply with deadlines, and the general malaise with which this case has been prosecuted, the Court is not prepared to take the chance that further expenditures of time and effort will be met with more diligent prosecution and professional behavior.

Finally, the Court notes that it has made significant efforts to consider alternatives other than dismissal, and finds that none would be satisfactory. The Court granted plaintiff four extensions to file opposition papers to defendants' motion for summary

judgment, which was filed in December 2004. Notwithstanding these extensions, the Court ultimately accepted plaintiff's papers six months late, in September 2005, and ordered the parties to appear for oral argument. When neither plaintiff nor his counsel appeared the Court did not simply dismiss the case; rather, it issued an order to show cause why defendants' Rule 41(b) motion should not be granted, and gave plaintiff until October 10, 2005 to file a ten-page responsive memorandum. Although a "district judge should employ . . . [Rule 41(b) dismissal] only when [he] is sure of the impotence of lesser sanctions," *Chira,* 634 F.2d 664, 665 (2d Cir. 1980), a court need not "beg a party to comply with its orders." *Peters-Turnbull,* 1999 WL 959375, at *3. To refuse to dismiss this case now on the ground that plaintiff's counsel was on vacation for the last month, and therefore could neither appear for oral argument nor respond to the Order to Show Cause, would be an injustice to defendants and undermine the integrity of the judicial process.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss pursuant to Rule 41(b) is granted. In light of the Court's ruling, plaintiff's counsel is directed to serve a copy of this order on plaintiff. The Clerk of the Court shall close this case.

SO ORDERED.

Dated: New York, New York
October 20, 2005

Richard J. Holwell
United States District Judge

10